UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

WESTFIELD INSURANCE COMPANY,   )
                               )
    Plaintiff,                 )
                               )        Civil Case No.
v.                             )        5:16-cv-30-JMH
                               )
CASEY ARNOLD, individually,    )   **MEMORANDUM OPINION AND ORDER**
and as Adminstratrix of the    )
Estate of Chad Arnold, and as  )
Next Friend and                )
Guardian/Conservator for       )
Miles Arnold, et al.

    Defendants.

\*\*\*

This declaratory judgment action is pending for consideration on the motions to dismiss filed by Casey Arnold [DE 11] and Mediport, LLC, Dr. Timothy Carroll, Richard Covington, and Steve Morris [DE 12]. Defendant Westfield Insurance Company ("Westfield") opposes the motions. [DE 13, 14]. For the reasons discussed below, the defendants' motions to dismiss will be granted.

I.

This declaratory judgment action arises as a result of an underlying wrongful death action filed in Scott County Circuit Court, Kentucky ("the Scott Circuit Action"). In the Scott Circuit Action, Casey Arnold ("Arnold"), one of the defendants herein, has brought suit individually and as the adminstratrix of the estate

of Chad Arnold and as next friend and guardian/conservator for Miles Arnold following the untimely death of her spouse at a 5K racing event at the Kentucky Horse Park on March 2, 2013. [DE 11-1, Third Amended Complaint]. Therein, Arnold asserts various negligence claims including the failure to respond to the decedent's demise in a timely fashion; failing to properly perform CPR and to provide an external defibrillator, the failure to use, operate equip, and maintain the ambulances at the event; as well as other alleged instances of negligence. The Defendants in the Scott Circuit Action include Mediport, Dr. Carroll, Richard Covington, and Steve Morris (the "Negligence Defendants").

Arnold has also filed a Motion to Amend the Complaint in the Scott Circuit Action to assert new allegations against the insurance companies who are potentially responsible for indemnifying the defendants in that action, including RSUI Indemnity Company and Landmark American Insurance Company (hereinafter "RSUI/Landmark"), as well as Westfield Insurance Company. [DE 11-5, Fourth Amended Complaint]. In particular, the Fourth Amended Complaint asserts a claim for third party bad faith against RSUI/Landmark on numerous grounds and a declaratory judgment action seeking a declaration of the rights and obligations between RSUI/Landmark and Westfield. *Id*.

Despite the pending Scott Circuit Action, on January 27, 2016, Westfield filed the instant declaratory judgment action, pursuant

to 28 U.S.C. § 2201, seeking a declaration that Westfield, Mediport's automobile insurance carrier at the time of Mr. Arnold's death, has no duty to defend or indemnify the Negligence Defendants in the Scott County Action. [DE 1]. While Westfield named Arnold as well as the Negligence Defendants in this action, Westfield did not include RSUI/Landmark. *Id.*

On February 22, 2016, Defendants Arnold, as well as the Negligence Defendants, moved to dismiss Westfield's complaint for declaratory judgment on substantially similar grounds. [DE 11, 12]. The motions to dismiss are addressed together herein.

II.

District courts retain discretion to determine "whether and when to entertain an action under the Declaratory Judgment Act." *Wilton v. Seven Falls Co.,* 515 U.S. 277, 282 (1995). The Declaratory Judgment Act (the "Act"), 28 U.S.C. §§ 2201 *et seq.*, provides that "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). The Act "confers discretion on courts, not rights on litigants," and the "propriety of issuing a declaratory judgment may depend on equitable considerations." *American Home Assurance Co. v. Evans,* 791 F.2d 61, 64 (6th Cir. 1986)(citing *Green v. Mansour,* 474 U.S. 64 (1985)). Thus, this Court is under no compulsion to exercise jurisdiction.

3

The Sixth Circuit has articulated five factors (the "*Grand Trunk* factors") to guide a district court in determining whether to exercise jurisdiction under the Act. *Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964, 968 (6th Cir. 2000)(citing *Grand Trunk Western Ry. Co. v. Consolidated Rail Corp.,* 746 F.2d 323, 326 (6th Cir. 1984)).  Those factors include whether:

1. the declaratory action would settle the controversy;

2. the declaratory action would serve a useful purpose in clarifying the legal relations in issue;

3. the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata";

4. the use of a declaratory action would increase friction between our federal and state courts and improperly encroach on state jurisdiction; and

5. there is an alternative remedy which is better or more effective.

*Grand Trunk,* 746 F.2d at 326.  The *Grand Trunk* factors embody three main principles: efficiency, fairness, and federalism. *Western World Ins. Co. v. Hoey*, No. 13-cv-2388, 2014 WL 6865300 at *2 (6th Cir. Dec. 8, 2014).  The Court will analyze each factor in turn.

### *Settlement of the Controversy*

The first factor focuses not on whether issuing a declaratory judgment would settle the controversy immediately before the Court, but whether doing so would settle the "ultimate controversy" in the underlying state court litigation. *Atain Specialty Ins. v.*

4

*Dwyer Concrete Lifting of Lexington, Inc.*, No. 12-cv-21, 2012 WL 2119407, at *3 (E.D. Ky. June 11, 2012).  The Sixth Circuit has repeatedly held that "declaratory judgment actions seeking an advance opinion on indemnity issues are seldom helpful in resolving an ongoing action in another court." *Bituminous Cas. Corp. v. J & L Lumber Co., Inc.,* 373 F.3d 807, 812-13 (6th Cir. 2004)(quoting *Manley, Bennett, McDonald & Co. v. St. Paul Fire & Marine Ins. Co.,* 91 F.2d 460, 463 (6th Cir. 1986)).  "It is a rare case in which federal district courts should assert jurisdiction over an insurance company's declaratory judgment action to resolve indemnity issues ancillary to an ongoing state-court case." *Nautilus Ins. Co. v. Grayco Rentals, Inc.*, No. 10-cv-133, 2011 WL 839549, *1 (E.D. Ky. Mar. 7, 2011).

In the Scott Circuit Action, Arnold has asserted claims for negligence and negligence per se against the Negligence Defendants, and declarations as to priority and/or pro rata share of defense costs and/or indemnity payments between the RSUI/Landmark and Westfield policies. [DE 11-5].  Here, Westfield asks the Court to declare that Westfield's has no duty to pay or extend coverage to the Negligence Defendants for any damages sought in the Scott Circuit Action. [DE 1 at 9].  Thus, there can be no doubt that the issues in the Scott Circuit Action and the instant case are inextricably intertwined:  the issue of Westfield's duty to defend and indemnify is tied to the overall liability of the

Negligence Defendants as well as the responsibility of the other insurance players, RSUI/Landmark, notably, who are not parties to this action.

Sixth Circuit precedent suggests that, often times, while "declaratory actions might clarify the legal relationship between the insurer and the insured, they do not settle the ultimate controversy between the parties which is ongoing in state court." *Scottsdale Ins. Co. v. Flowers,* 513 F.3d 546, 555 (6th Cir. 2008); *see also Travelers Indem. Co. v. Bowling Green Prof'l Assoc., PLC,* 495 F.3d 266 (6th Cir. 2007) (district court erred in exercising jurisdiction where declaratory judgment would not settle the separate action); *U.S. Fire Ins. Co. v. Abex Aluminum, Inc.,* 161 F. App'x 562, 565 (6th Cir. 2006) (unpublished); *State Auto Ins. Co. v. Kennedy Homes, LLC*, No. 09-cv-178, 2011 WL 65880, *2 (E.D. Ky. Jan. 10, 2011)("In the present case, the declaratory action will not settle the ultimate controversy. State Auto is not a party to the underlying state court action, and similarly, the state court plaintiffs and co-defendants are not parties to this action.").

Here, the Court finds that because the priority between the relevant insurance policies will not be decided in this action nor will the liability of the Negligence Defendants be decided, any ruling by this Court will not settle the underlying controversies of the Scott Circuit Action. Moreover, unless the Court were to

decide in favor of Westfield, and still, even so, deciding the narrow issue of Westfield's duty to indemnify may actually confuse, rather than clarify, the wider controversy of the negligence claims as well as the duties of the other relevant insurers. For these reasons, the first factor counsels against exercising jurisdiction.

### Clarification of Legal Relations

The second *Grand Trunk* factor requires the Court to analyze whether the declaratory action will serve a useful purpose in clarifying the legal relations in issue. *Grand Trunk,* 746 F.2d at 326. As stated above, because the other relevant insurers, namely RSUI/Landmark, are not parties to this action, it is impossible for this Court to adequately clarify the legal relations surrounding the insurance policies at issue. If the Court were to determine whether the Westfield policy provides for a defense and/or indemnify, as Westfield requests, only a partial answer to the complex insurance questions surrounding the underlying action will be provided. The question of priority and reimbursement of defense costs, which are contended in the Scott Circuit Action, will remain, especially given RSUI/Landmark's "eroding policy" defense. Therefore, the second factor also weighs in favor of dismissal of this action.

### Procedural Fencing and the Race for Res Judicata

The third factor is intended to prevent declaratory plaintiffs from forum-shopping. The Court must evaluate whether the plaintiff "has filed in an attempt to get its choice of forum by filing first." *Scottsdale,* 513 F.3d at 555. There is little doubt that once Westfield was ultimately disclosed as an insurer, the state court's consideration of the issue raised here – i.e. whether Westfield has a duty to defend and indemnify – was inevitable and looming. However, because Westfield was not yet a party to the Scott Circuit Action when Westfield filed the instant action, the Court is reluctant to impute improper motive to Westfield by filing this action. *Id.* at 558. Nevertheless, even assuming that Westfield acted in good faith in seeking a declaratory judgment herein, the ultimate outcome of its procedural behavior has been to remove this case from the natural plaintiff's control, which weighs against this Court exercising jurisdiction. *See Stand. Ret. Services, Inc. v. Kentucky Bancshares, Inc.*, No. 5:14-cv-26, 2014 WL 4783016, at *4 (E.D. Ky. Sept. 24, 2014). Therefore, the third factor also weighs in favor of dismissal.

*Friction Between Federal and State Courts*

"The Supreme Court has cautioned that where another suit involving the same parties and presenting opportunity for ventilation of the same state law issues is pending in state court, a district court might be indulging in '[g]ratuitous

interference,' if it permitted the federal declaratory action to proceed." *Scottsdale*, 513 F.3d at 559 (internal citations omitted). Nevertheless, "the mere existence of a state court proceeding is not determinative of improper federal encroachment upon state jurisdiction." *Id.* at 560. Thus, when considering the fourth factor, district courts must analyze the following three sub-factors: (1) whether the state court's fact-finding is necessary to the declaratory judgment; (2) which court, federal or state, is in a better position to resolve the issues; and (3) whether the issue in the federal action implicates important state policies and thus more appropriate for state court. *Id.*

One issue before the state court in the Scott Circuit Action is whether any of the defendants engaged in intentional misconduct during discovery. This issue directly affects the "erosion" defense of RSUI/Landmark, and likewise, the interplay of all insurance policies involved. Thus, the first sub-factor weighs in favor of dismissal because the state court's resolution of certain factual issues is necessary for this Court's resolution of the declaratory judgment action. *Id*.

As to the second sub-factor, the Court finds that the state court is in a better position to resolve the issues because, through the Fourth Amended Complaint, all relevant issues and parties are before the state court and the parties therein have already engaged in nearly two years of litigation and discovery.

9

In this action, Westfield seeks a declaration that it has no
duty to pay or indemnify the defendants for any damages sought in
the Scott Circuit Action. [DE 1, 1-2].   Analyzing the Westfield
policy to determine whether the claimed loss is covered or whether
exclusions are triggered, i.e. whether Arnold's allegation of
negligence concern use of an automobile and are subject to a
professional services exclusion, requires analysis of state law,
including potentially the Kentucky Motor Vehicle Reparations Act
and the Kentucky Board of Emergency Medical Services, for which
the state court is better suited to resolve.   *State Auto*., 2011 WL
65880 at *6 ("While federal courts are certainly competent to
resolve insurance contract disputes […] "[t]he Sixth Circuit has
found that states are in a better position to resolve insurance
contract disputes because they are more familiar with state law,
regulate the insurance companies for the protection of their
citizens, and are in the best position to identify and enforce the
public policies underlying those regulations.");

In sum, weighed together, the three sub-factors of the fourth
*Grand Trunk* factor also indicate that this Court should decline to
exercise jurisdiction over the declaratory judgment suit.

### Alternative Remedies

Because this action would not resolve the many complex
insurance issues at play in the Scott Circuit Action, especially
in light of the fact that RSUI and Landmark are not parties to

this action, the better alternative is for this declaratory judgment action to be decided in the Scott Circuit Action. Indeed, the Sixth Circuit has noted that is the better alternative, stating that declaratory actions seeking an opinion regarding indemnity issues "should normally be filed, if at all, in the court that has jurisdiction over the litigation which gives rise to the indemnity problem." *Bituminous Cas. Corp. v. J & L Lumber Co., Inc.*, 373 F.3d 807, 812 (6th Cir. 2004) 812 (quoting *Manley, Bennett, McDonald & Co. v. St. Paul Fire & Marine Ins. Co.,* 791 F.2d 460, 463 (6th Cir.1986)). If the actions are filed in two separate courts "confusing problems of scheduling, orderly presentation of fact issues and res judicata are created." *Id.* (quoting *Manley,* 791 F.2d at 463). Therefore, the fifth factor also weighs against the Court exercising jurisdiction.

### III.

In conclusion, the Court finds that all five *Grand Trunk* factors weigh in favor of this Court declining to exercise jurisdiction over Westfield's declaratory judgment action. Accordingly, it is hereby **ORDERED** as follows:

(1) the Motion to Dismiss filed by Defendant, Casey Arnold, individually, as adminstratrix of the Estate of Chad Arnold, and as Next Friend and Guardian/Conservator of Miles Arnold [DE 11] is **GRANTED**;

(2) the Motion to Dismiss filed by Defendants, Mediport,

LLC, Dr. Timothy Carroll, Richard Covington, and Steve Morris [DE 12] is **GRANTED**;

(3) Plaintiff's action for declaratory judgment [DE 1] is **DISMISSED** without prejudice.

This the 14th day of April, 2016.



Signed By:

*Joseph M. Hood*

Senior U.S. District Judge